UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEE LUCAS**                                                                                         **CIVIL ACTION**

**VERSUS**

**JERRY GOODWIN, ET AL.**                                                        **NO. 15-111-JWD-RLB**

<u>**RULING**</u>

This matter comes before the Court on the petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(B) (R. Doc. 18). This Motion shall be denied.

On November 8, 2017, the Magistrate Judge issued a Report and Recommendation recommending that the petitioner's application for writ of habeas corpus be denied with prejudice, as untimely. *See* R. Doc. 11. The plaintiff filed an Objection (R. Doc. 12) which was considered by the Court prior to issuing its Ruling and Order on January 16, 2018 adopting the Magistrate Judge's Report and Recommendation. *See* R. Docs. 14 and 15. The petitioner did not file the instant Motion until June 16, 2020.

Federal Rule of Civil Procedure 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Rule 60(c)(1) makes clear that a motion brought pursuant to Rule 60(b)(4) or 60(b)(6) "must be made within a reasonable time" unless good cause can be shown for the delay. *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). What constitutes "good cause" for a reasonable delay "must necessarily be evaluated on a case-by-case basis." *Id.* "The timeliness of the motion is measured as of the point in time when the

moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though "the determination of reasonableness is less than a scientific exercise." *Id.* at 121.

In the instant matter, any error, if any, related to the habeas proceedings occurred—and was obvious—in 2018 when this Court denied petitioner's habeas petition.  Petitioner should have appealed the errors he now asserts herein.  "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).

The petitioner does not assert that any action or inaction on the part of the Court or the state contributed to his delay in filing the instant Motion.  Rather, the petitioner attributes the delay to the inaction of his counsel.  As noted by the Court in *Pryor*, "…it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, *see, e.g., Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 1390 & n. 10, 8 L.Ed.2d 734 (1962), no matter how "unfair" this on occasion may seem. This is especially true where the timeliness of post judgment filings is concerned, in part because the rule requiring timely notice of appeal is jurisdictional, and in part because of the need that a clear, objective line of finality be drawn with reliable definiteness at some point in time…Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear."

Furthermore, the petitioner was aware of his then counsel's inaction as early as November 22, 2017 when the petitioner filed a pro se objection to the Magistrate Judge's Report and Recommendation. *See* R. Doc. 12. As such, the Court finds that, in this case, the time elapsed between the Court's Ruling and Order (R. Docs. 14 and 15) in January of 2018 and the filing of the instant Motion (R. Doc. 18) in June of 2020, is not a reasonable time under Rule 60. Several courts have found that less time is not reasonable. *See Scheanette v. Quarterman*, 309 Fed. Appx. 870, 873 n. 2 (5th Cir. 2009) (finding 60(b) motion not made within a reasonable time where petitioner "offers no explanation for why it took him nearly two years to seek reconsideration of the district court's decision especially when the grounds he raises were known to him at the time the petition was filed and denied."); *Earl v. Johnson*, 51 F.3d 1043, *1 (5th Cir. 1995) (finding two years is not a reasonable time where petitioner failed to show he was prevented from discovering legal basis of motion or was prevented from filing motion); *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (finding two year delay in filing Rule 60(b) motion is not within reasonable time where there is no plausible justification for the delay); *Bilbrey v. Quarterman*, 2006 WL 1982489, *2 (N.D. Tex. July 11, 2006) ("absent any cogent explanation," two years is not a reasonable time). As such, the petitioner's Motion should be denied as untimely. Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion (R. Doc. 18) is **DENIED.**

Signed in Baton Rouge, Louisiana, on January 22, 2021.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**